IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

PABLO LUCIO VASQUEZ,          §
                Petitioner,     §
                          §          Civil Action No. 7:16-cv-115
v.                            §          (Magistrate Judge Dorina Ramos)
                          §
WILLIAM STEPHENS,             §          *   DEATH PENALTY CASE   *
Director, Texas Department    §
of Criminal Justice,          §
Correctional Institutions Division,  §
              Respondent.   §

---

## RESPONDENT'S OPPOSITION TO PETITIONER'S SECOND PETITION FOR WRIT OF HABEAS CORPUS AND APPLICATION FOR STAY OF EXECUTION

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
For Criminal Justice

             EDWARD L. MARSHALL
             Chief, Criminal Appeals Division

            *JEREMY C. GREENWELL
             Assistant Attorney General
             Criminal Appeals Division

             P. O. Box 12548, Capitol Station
             Austin, Texas 78711
             (512) 936-1600

* Counsel of Record

---

ATTORNEYS FOR RESPONDENT

# TABLE OF CONTENTS

Page

RESPONSE IN OPPOSITION.........................................................................1

STATEMENT OF THE CASE ........................................................................2

I.    Facts of the Crime.................................................................................2

II.   Relevant Procedural History ................................................................3

ARGUMENT...................................................................................................6

I.    Vasquez's Alleged Mental Illness Does Not Prohibit His Execution Under
      the Eighth Amendment ..........................................................................6

      A.   The allegation is procedurally defaulted ........................................7

      B.   Regardless of its procedural posture, Vasquez's allegation should
           be rejected alternatively on the merits......................................... 10

II.   A Stay of Execution is Unwarranted  ................................................. 14

CONCLUSION.............................................................................................. 16

CERTIFICATE OF SERVICE  ...................................................................... 18

## RESPONSE IN OPPOSITION

Petitioner Pablo Lucio Vasquez is scheduled to be executed after 6:00 p.m. on Wednesday, Wednesday, April 6, 2016, for the brutal robbery and murder of twelve-year-old David Cardenas.   Vasquez previously and unsuccessfully challenged the constitutionality of his state court capital murder conviction and death sentence in both state and federal courts.   Three weeks before his scheduled execution date, Vasquez is now challenging the constitutionality of his sentence of death through a second petition for writ of habeas corpus under 28 U.S.C. § 2254 (AEDPA) and is requesting a stay of execution from this Court.   Docket Entries (DE) 1, 3.

In his petition, Vasquez raises only a single allegation—that although he is competent to be executed, his mental illness renders his execution cruel and unusual under the Eighth Amendment.   *Id.*   Citing the Supreme Court's prohibition on executing the intellectually disabled set forth in *Atkins v. Virginia*,[1] Vasquez contends that his mental illness also makes him less morally culpable than other offenders, thus his execution would serve neither the retributive nor deterrent purposes of the death penalty.   *Id.*   Because this allegation is both procedurally defaulted and completely without merit, however, this Court should deny Vasquez's request for a stay of execution and dismiss his petition with prejudice.

---

[1]     536 U.S. 302 (2002).

1

## STATEMENT OF THE CASE

### I.    Facts of the Crime

This Court previously summarized the facts of the offense as follows:

Vasquez was convicted of the murder of 12 year old David Cardenas during the course of robbing him.   On the night of the murder, David's sister, Hilda Cantu, dropped David off near a friend's house.   He did not return home.   David and Andres Rafael Chapa, the friend David visited the night of the murder, attended a party where they were seen rolling marijuana cigarettes.   Vasquez also attended the party.   Police received an anonymous tip about the murder, and eventually detained Chapa. Chapa led them to David's body.   Police also received a phone call from Vasquez' cousin, Maggie Salinas, implicating Vasquez and informing police of Vasquez' whereabouts.   Hilda Cantu, Cardenas' older sister, testified that David was wearing a gold ring and a gold chain when she saw him shortly before the murder.

Vasquez made a statement to police in which he admitted that he hit Cardenas in the head with a pipe and cut his throat. An autopsy concluded that the cause of death was a major fracture in the back of Cardenas' skull caused by blunt force.   The body was also mutilated after death by some means that caused bones to shatter.   Vasquez and his accomplice then dragged Cardenas' body to a field for burial.   Fearing that Cardenas was still alive, one of the perpetrators hit Cardenas in the face with a shovel.   At some point before burying the body, Vasquez took a ring and a necklace from the body.   One of Vasquez' cousins testified that Vasquez told her that he killed Cardenas because Cardenas did not "give [Vasquez] what he wanted."   When police found Cardenas' body, he was missing an arm, part of the other arm, had no skin on his back, and had a hole in the back of his head. Vasquez presented no witnesses during the guilt-innocence phase of his trial.   The jury found him guilty of capital murder for murdering Cardenas while robbing or attempting to rob him.

*Vasquez v. Stephens*, No. 7:04-cv-143 (S.D. Tex.); DE 47 at 1-2.

2

## II.   Relevant Procedural History

In December 1998, Vasquez was convicted and sentenced to death for the brutal capital murder of David Cardenas.   CR 2 (Indictment), CR 405-406 (Judgment).[2]   His conviction and sentence were affirmed on direct appeal in April 2002.   *Vasquez v. State*, No. 73,456 (Tex. Crim. App. 2002).   During the pendency of his direct appeal, Vasquez filed a state application for writ of habeas corpus in the trial court.   SHCR-01 at 52-120.[3]   Based on the trial court's findings of fact and conclusions of law recommending that relief be denied as well as its own review of the record, the Texas Court of Criminal Appeals (TCCA) ultimately denied relief.   *Id*. at 411-550, cover.   Vasquez then sought federal habeas corpus relief; however, this Court granted Vasquez's motion to dismiss without prejudice to allow him to return to state court to present several unexhausted claims to the state court first.   *See Vasquez v. Johnson*, No. 02-MC-27 (S.D. Tex. 2002).

Shortly thereafter, Vasquez filed a successive writ application in the state court raising thirteen new claims not previously brought on his first state writ petition, including claims of intellectual disability and mental illness. I

---

2      "CR" refers to the Clerk's Record, and is followed by the relevant page number.   "RR" refers to the state record of transcribed trial proceedings, and is preceded by volume number and followed by page numbers.

3      "SHCR-01" refers to the state habeas Clerk's Record—the transcript of pleadings and documents filed with the court during Vasquez's first state habeas proceeding—and is followed by the relevant page numbers.

SHCR-02, at 52-87.[4]   The TCCA dismissed all of the claims as an abuse of the writ, except for Vasquez's allegation that he is intellectually disabled.   *Per Curiam* Order dated May 7, 2003.   Concerning the intellectual disability allegation, the court adopted the trial court's recommendation that the claim be denied on the merits.   I SHCR-02 at cover; III SHCR-02 at 697-773.

In April 2004, Vasquez returned to federal court and filed an amended petition for federal habeas corpus relief raising a total of thirteen claims for relief, two of which were later abandoned.[5]   *Vasquez v. Stephens*, No. 7:04-cv-143 (S.D. Tex.), Docket Entry (DE) 1, 9, 24.   The Director responded by demonstrating that each of the remaining claims raised in Vasquez's petition lacked merit, and that all but three of the allegations were procedurally barred from federal habeas relief.   DE 32.   After considering the pleadings and arguments of both parties, a Report and Recommendation was issued by the Magistrate Judge in December 2005 recommending that relief should be denied.   DE 39.   With regard to the specific allegation at issue here (claim 7),

---

4       "SHCR-02" refers to the state habeas Clerk's Record—the transcript of pleadings and documents filed with the court during Vasquez's second state habeas proceeding—and is also preceded by volume number and followed by page numbers.

5       Along with his amended petition, Vasquez filed a motion for the appointment of experts to help him further develop his claim of intellectual disability. DE 1, 4.   The Court granted this request and authorized Dr. Roger Dean Saunders to evaluate Vasquez, who later submitted a report stating that, in his professional opinion, "Vasquez is not, and has never been, an individual with [intellectual disability]."   DE 18, 22, 23.   Vasquez subsequently abandoned his first and fourth grounds for relief regarding his intellectual disability and insanity.   DE 24.

the Magistrate interpreted Vasquez's allegation to be a claim of incompetency, and recommended that the allegation be dismissed as premature because Vasquez had no imminent execution date.   *Id.* at 15-16.

Several years after this Report and Recommendation issued, the Supreme Court issued its opinion in *Martinez v. Ryan*[6] creating for the first time a limited exception to the procedural default of ineffective-assistance-of-trial-counsel (IATC) claims.   The Court's later decision in *Trevino v. Thaler*[7] found that this limited equitable exception generally applies to Texas capital cases.   In light of these decisions, this Court instructed the parties to file supplemental briefing regarding the impact of *Martinez* and *Trevino* on the Magistrate's Report and Recommendation.   DE 43, 44.   Following this additional briefing, the Magistrate Judge issued a Supplemental Report and Recommendation finding that *Martinez* and *Trevino* do not apply to the instant case, and again recommended that the IATC claims be dismissed as procedurally barred and alternatively on their merits.

This Court adopted the Magistrate's Supplemental Report and Recommendation and granted the Director's motion for summary judgment in March 2014.   DE 49, 50.   Vasquez appealed the Court's decision to the Fifth Circuit, which affirmed this Court's judgment in an unpublished opinion dated January 23, 2015.   *Vasquez v. Stephens*, 597 Fed. Appx. 775 (5th Cir. 2015).

---

6      132 S. Ct. 1309 (2012).

7      133 S. Ct. 1911 (2013).

Vasquez's petition for writ of certiorari to the Supreme Court was then denied on October 5, 2015.  *Vasquez v. Stephens*, 136 S. Ct. 36 (2015).  Two months later, the trial court scheduled Vasquez to be executed on April 6, 2016.

On January 21, 2016, Vasquez filed a subsequent petition for state habeas relief in the trial court raising a different allegation than the one currently before this Court.  Vasquez also requested a stay of the execution order.  A month later, the TCCA dismissed the application as an abuse of the writ, and denied Vasquez's motion to stay the execution.  *Ex parte Vasquez*, No. 50,801-03, *Per curiam* Order dated February 24, 2016.  On March 16, 2016, Vasquez filed another petition for federal habeas corpus relief again raising his allegation that he is mentally ill and his execution should thus be prohibited.  *Vasquez v. Stephens*, No. 7:16-cv-115 (S.D. – Tex), DE 1.  This proceeding now follows.

## ARGUMENT

### I.   Vasquez's Alleged Mental Illness Does Not Prohibit His Execution Under the Eighth Amendment.

Vasquez argues that he is a "seriously mentally ill" person whose execution would violate the prohibition against cruel and unusual punishment as set forth by the Eighth Amendment.  Pet. at 7-13.  Citing the Supreme Court's prohibition on executing the intellectually disabled as set forth in *Atkins*, Vasquez contends that his mental illness makes him less morally culpable than other offenders, thus his execution would serve neither the

retributive nor deterrent purposes of the death penalty. *Id.* at 7-8. Although acknowledging that he is competent and does not presently fall within any of the current categorical exemptions from execution, Vasquez asserts that "death should also be held not a suitable punishment for the mentally ill" and urges this Court to so hold. *Id.* But as discussed below, relief on this claim is precluded by the procedural default doctrine as well as Supreme Court and Fifth Circuit precedent.[8]

## A.   The allegation is procedurally defaulted.

As discussed previously, Vasquez's original federal petition raised a total of thirteen claims for relief, two of which were later abandoned. *Vasquez*, No. 7:04-cv-143, DE 1, 9. Eight of the remaining claims (claims 2, 3, 6-11)— including the instant claim—were raised for the first time in a second state habeas application which was dismissed on an independent state procedural bar. I SHCR-02 at 53-54; *Per curiam* Order dated May 7, 2003. Specifically, the Texas Court of Criminal Appeals dismissed the claims as an abuse of the

---

8      At first glance, Vasquez's newest petition also appears to be time-barred under 28 U.S.C. § 2244(d), as well as a successive petition subject to dismissal under 28 U.S.C. § 2244(b)(2). However, Vasquez raised his mental illness allegation in his timely filed amended federal habeas petition, and the claim was ultimately dismissed by the Court as premature because Vasquez did not have an imminent execution date. *Vasquez*, No. 7:04-cv-143, DE 1, 9, 39. For these reasons, the Director is not raising either a statute of limitations or successive petition defense.

writ because they did not meet any of the exceptions that might allow consideration of claims raised in a subsequent habeas application. *See* Tex. Code. Crim. Proc. article 11.071, § 5(a); *Per curiam* Order dated May 7, 2003. As a result, Vasquez is now procedurally barred from receiving federal habeas relief on these claims.

Supreme Court precedent dictates that procedural default of a petitioner's federal habeas claim occurs where the last state court to consider a claim "clearly and expressly" dismisses it based upon a state procedural rule that provides an adequate basis for denial of relief, independent of the merits. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012); *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The "independent" and "adequate" requirements are satisfied where the court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts.[9] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001). The rule is not independent when it "fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence

---

[9]     The application of an independent and adequate state procedural bar must be honored even if the state court has, in the alternative, reached the merits of the claim. *Harris v. Reed*, 489 U.S. 264, n.10 (1989).

of any possible state law ground is not clear from the face of the opinion."
*Coleman*, 501 U.S. at 735 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41
(1983)).   This doctrine ensures that federal courts give proper respect to state
procedural rules.   *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing
*Coleman*, 501 U.S. at 750-51); *see also Edwards v. Carpenter*, 529 U.S. 446,
551 (2000) (finding the cause and prejudice standard to be "grounded in
concerns of comity and federalism").

In this case, the TCCA delivered a plain statement of its reliance on state
procedural rules when it dismissed Vasquez's claims "as an abuse of the writ
because they do not contain sufficient facts establishing an exception allowing
for consideration in a subsequent application."   *Per curiam* Order dated May
7, 2003.   And because the Texas court strictly and regularly applies its abuse-
of-the-writ statute, the dismissal of a habeas petition upon such grounds
constitutes an independent and adequate state procedural bar.   *Rocha v.
Thaler*, 626 F.3d 815, 830 (5th Cir. 2010); *Hughes v. Quarterman,* 530 F.3d
336, 342 (5th Cir. 2008); *Aguilar v. Dretke*, 428 F.3d 526, 533 (5th Cir. 2005)
("This court has consistently held that Texas' abuse-of-writ rule is ordinarily
an 'adequate and independent' procedural ground on which to base a
procedural default ruling.").

Vasquez is thus precluded from federal habeas relief on the instant claim absent a showing of cause for the default and actual prejudice that is attributable to the default.[10]   *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).   But he makes no such argument in his petition before this Court.   As such, Vasquez's allegation is procedurally barred from federal habeas relief.

### B.   Regardless of its procedural posture, Vasquez's allegation should be rejected alternatively on the merits.

To start, aside from whether or not Vasquez is as severely mentally ill as he now claims to be, federal habeas relief is unavailable because no court has found that the proscription against executing the intellectually disabled has been extended to the greater category of mentally ill defendants.   The Fifth Circuit has consistently refused to make the connection espoused by Vasquez, and he provides no basis for changing that precedent in this case. *Ward v. Stephens*, __F.3d__, 2015 WL 294030 at 16 (5th Cir. January 22, 2015) (citing *Mays v. Stephens*, 757 F.3d 211, 219 (5th Cir. 2014)); *In re Neville*, 440 F.3d 220, 221 (5th Cir. 2006)(finding neither *Atkins* nor *Roper v. Simmons*, 543

---

[10]   Vasquez can also overcome the procedural bar by asserting a miscarriage of justice.   *Coleman*, 501 U.S. at 750.   He has made no attempt in any court to establish that this exception applies.

U.S. 551 (2005), created a new rule prohibiting the execution of the mentally ill). Other federal courts of appeal have rendered similar decisions. *Franklin v. Bradshaw*, 695 F.3d 439, 455 (6th Cir. 2012) (stating no authority has extended *Atkins* and *Roper* to prohibit the execution of those with mental illnesses); *Carroll v. Secretary, D.O.C.*, 574 F.3d 1354, 1370 (11th Cir. 2009) (rejecting argument that the state court's failure to apply *Atkins* to the mentally ill violated the Equal Protection Clause); *Joshua v. Adams*, 231 Fed. Appx. 592, 593-94 (9th Cir. 2007) (refusing to extend *Atkins* and *Roper* to hold that mental illness renders a non-capital sentence unconstitutional).

Furthermore, Vasquez fails to provide any evidence to suggest that the "evolving standards of decency that mark the progress of a maturing society" now proscribe the execution of the mentally ill. *Hall v. Florida*, 134 S. Ct. 1986, 1992 (2014) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The Supreme Court's modern Eighth Amendment jurisprudence dictates that whether a punishment is considered "cruel and unusual" depends on currently prevailing societal norms, and has long held that laws enacted by state legislatures provide the "clearest and most reliable objective evidence of contemporary values." *Atkins*, 536 U.S. at 312 (citing *Penry v. Lynaugh*, 492 U.S. 302, 331 (1989)(*Penry* I)); *Roper*, 543 U.S. at 561-63. For example, the

11

*Atkins* Court pointed to nineteen state legislatures across the country that had passed legislation prohibiting the execution of the intellectually disabled in the previous fifteen years.   536 U.S. at 314-15.

Vasquez has not pointed to a single state legislature that has considered or passed legislation prohibiting the mentally ill from receiving death sentences.   Prior to withdrawing the death penalty completely in 2012, Connecticut had been the only state that had legislatively proscribed imposing the death penalty on mentally ill defendants who, despite their mental illnesses, were competent to be executed.   *See* Conn. Gen. Stat. § 53a-46a (h)(3) (2011).[11]   Yet this lone statute hardly constituted an evolution of thought on the topic, as no other state legislature has given mentally ill offenders a blanket immunity from execution.   The Connecticut statute also stood in stark contrast to the legislative landscape of the states when *Roper* and *Atkins* were decided, where there was much greater statutory opposition to the practice of executing juveniles and intellectually disabled offenders than there currently is against executing the mentally ill.   *See Roper*, 543 U.S. at

---

[11]     The statute exempted a capital defendant from execution if his "mental capacity was significantly impaired or [his] ability to conform [his] conduct to the requirements of law was significantly impaired but not so impaired in either case as to constitute a defense to prosecution."

12

564 (noting that at the time each case was decided, 30 states prohibited the death penalty for both juveniles and the intellectually disabled, which included 12 states that had abandoned the death penalty altogether).

Finally, federal habeas relief would be barred by the non-retroactivity doctrine of *Teague v. Lane,* 489 U.S. 288 (1989), because it would require the creation of a new constitutional rule of law.   Under *Teague*, new rules of constitutional criminal procedure[12] will not be announced on federal habeas review and then retroactively applied unless an exception applies.   489 U.S. at 301.   The first exception to *Teague's* retroactivity limitation is for rules that would place primary conduct beyond the government's power to proscribe or a class of persons beyond its power to punish in certain ways.   *Graham v. Collins,* 506 U.S. 461, 477 (1993).   The second *Teague* exception is reserved for bedrock rules of criminal procedure that are necessary to ensure a fundamentally fair trial.   *Id.*   In this case, however, Vasquez does not even attempt to establish that the relief he requests falls under either exception to *Teague's* retroactivity limitation.   As a result, the non-retroactivity principle of *Teague* bars relief.

---

12      "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or on the federal Government [.]   To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."   *Teague*, 489 U.S. at 301.

13

## II.   A Stay of Execution is Unwarranted.

A stay of execution is an equitable remedy.   *Hill v. McDonough*, 547 U.S. 573, 584 (2006).   "It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Id.* (citing *Nelson v. Campbell*, 541 U.S. 637, 649–650 (2004)).   In deciding whether to grant a stay of execution, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir.1991).

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Nken*, 556 U.S. at 433–34 (citations omitted). Such a showing requires an applicant to demonstrate more than good faith or just the absence of frivolity on the part of the petitioner. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).   The Fifth Circuit reviews a district court's decision for abuse of discretion. *Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir.2012) (citing *Delo v. Stokes*, 495 U.S. 320, 322 (1990)).

Vasquez argues that a stay of execution is necessary "to give the Court adequate time to consider the merits of [his] petition." DE 3.   But while the

14

Fifth Circuit has held that a stay of execution was "imperative to ensure the effective presentation of [a petitioner]'s application for authority to file his *Atkins* claim," *In re Hearn*, 376 F.3d 448 (5th Cir. 2004) (*Hearn I*) (citing *McFarland v. Scott*, 512 U.S. 849 (1994)), the court later clarified that decision. *See In re Hearn,* 389 F.3d 122 (5th Cir. 2004) (*Hearn II*).   In *Hearn II,* the Fifth Circuit limited the decision to only those petitioners who (1) have already filed state and federal petitions, (2) presently *lack* counsel; (3) may have a colorable 28 U.S.C. § 2244(b)(2)(A) claim based on previously unavailable Supreme Court authority; and (4) to whom *Atkins v. Virginia,* 536 U.S. 304 (2002) applies.   *Hearn II,* 389 F.3d at 123; *see also Hearn I,* 376 F.3d at 454-57.   Vasquez's claim does not implicate any previously unavailable Supreme Court authority, and specifically not *Atkins.*   And unlike Hearn, Vasquez was not abandoned by counsel.   *See Hearn I,* 376 F.3d at 454.   In contrast, Vasquez has been represented by the same counsel throughout his federal habeas proceedings.   Therefore, the rationale of *Hearn* and *McFarland* is inapplicable to Vasquez, and does not require a stay.

Unlike the situations anticipated by *McFarland* and *Hearn I,* Vasquez's allegation was considered by the state court, and does not require further investigation to adequately develop a claim for this Court's consideration. Therefore, a stay of execution is not warranted to allow the development of his claim before this Court.   *See Kutzner v. Cockrell,* 303 F.3d 333, 337-38 (5th Cir. 2002) (holding that the core concern of *McFarland* is not implicated where

15

the petitioner is already represented by counsel and his claim was previously investigated and litigated).

Furthermore, the *Hearn II* court noted that "[a] federal court need not grant a stay where a dilatory capital defendant ignores this opportunity to file timely and flouts the available processes."   389 F.3d at 123; *see also Gomez v. United States Dist. Ct. for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992) (*per curiam* (this Court may "consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.").   Vasquez's execution date was set on December 4, 2015, over three months prior to his filing his most recent federal petition in this Court.   Because Vasquez fails to provide a reason for delaying this challenge to his sentence until the eve of his scheduled execution, this Court should not reward his dilatory behavior with a stay of execution.

## CONCLUSION

Vasquez fails to demonstrate that his most recent federal habeas petition entitles him to relief, and also fails to demonstrate the need for a stay of execution.   For these reasons, the Director respectfully requests this Court deny Vasquez's request for a stay of execution and dismiss with prejudice his federal habeas petition.   The Director also respectfully requests this Court deny a Certificate of Appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division


_____s/ Jeremy Greenwell_____
JEREMY C. GREENWELL*
Assistant Attorney General
State Bar No. 24038926
Southern I.D. No. 36158

P.O. Box 12548, Capitol Station
Austin, Texas   78711-2548
(512) 936-1600
(512) 320-8132 (Fax)
E-mail:
jeremy.greenwell@texasattorneygeneral.gov

*Lead Counsel                    ATTORNEYS FOR RESPONDENT

17

## CERTIFICATE OF SERVICE

I certify that on the 18th day of March, 2016, a true and correct copy of the above pleading was electronically served to the following counsel for Vasquez by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

JAMES FRANCIS KEEGAN
Attorney at Law
4421 Jim West Street
Bellaire, TX 77401
whynyet@sbcglobal.net

   /s/ Jeremy Greenwell
JEREMY C. GREENWELL
Assistant Attorney General

18